

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2006

# Zaklama v. Weehawken

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3956

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Zaklama v. Weehawken" (2006). *2006 Decisions.* Paper 1567.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1567

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3956
_____

ZAKLAMA'S IRREVOCABLE TRUST;
ESMAT ZAKLAMA; SYLVIA ZAKLAMA;
JOHN ZAKLAMA; ANTHONY ZAKLAMA;
NARDIN ZAKLAMA

v.

TOWNSHIP OF WEEHAWKEN; BUILDING DEPARTMENT;
PATRICK CANNON; RAPHAEL PERALTA;
FRANK LIMOLINA; JOSEPH EHART;
MAYOR WEEHAWKEN TOWNSHIP;
DOES 1 through 99 INCLUSIVE

ESMAT ZAKLAMA,
Appellant
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-04171)
District Judge: Honorable Joseph A. Greenaway, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
February 14, 2006

BEFORE: SLOVITER, SMITH and VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed:   February 16, 2006)

OPINION
_____

PER CURIAM

Esmat Zaklama appeals from the order of the United States District Court for the District of New Jersey granting the Defendant-Appellees' motion to compel compliance with an order imposing sanctions. For the reasons that follow, we will affirm.

The parties are familiar with the facts, so we will only briefly summarize them here. In August 2002, the Zaklama family and the Zaklama Irrevocable Trust, which owns the family's home in Weehawken, New Jersey, filed a complaint against Weehawken Township and several of its employees. The allegations involve an encounter between the Zaklamas and Township employees on August 21, 2001, during the course of an inspection of the real property next door to the Zaklamas' residence. In short, the allegations are that the Township employees violated the plaintiffs' constitutional rights and caused emotional distress in issuing a number of citations for housing and zoning violations found at the Zaklamas' property.

In September 2001, Zaklama filed suit against the Township in state court; ultimately, the state court awarded summary judgment to the Township in 2003. Meanwhile, the matter proceeded through discovery in District Court. In March 2004, the Township defendants filed a motion for summary judgment and a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Zaklama filed a response, and the Township defendants filed a reply. By orders entered November 22, 2004, the District Court granted summary judgment in favor of the defendants and ordered Esmat Zaklama, within twenty-one days, to pay $7,500.00 as a monetary sanction. Zaklama

2

appealed both orders. The appeal was docketed in this Court at C.A. No. 04-4567. However, on June 14, 2005, the appeal was dismissed in light of Zaklama's failure to prosecute.

In January 2005, the Township defendants filed in District Court a motion to compel compliance with the November 22, 2004 sanctions order. Zaklama did not file a response. By order entered July 26, 2005, the District Court granted the motion, again ordering the $7,500.00 sanction to be paid within twenty-one days. Zaklama appeals.

We first address our appellate jurisdiction. The Appellees assert that we lack jurisdiction over this appeal because the July 26, 2005 order does not fall within the scope of the collateral order doctrine. As the Appellees note, the collateral order doctrine is applied as a narrow exception to the rule under 28 U.S.C. § 1291 that all claims of error are to be raised in a single appeal, with respect to a small class of prejudgment orders that conclusively determine an issue separate from the claims asserted in the action. See Comuso v. Nat'l R.R. Passenger Corp., 267 F.3d 331, 335 (3d Cir. 2001). Among other things, the Appellees argue that the collateral order doctrine cannot apply in this situation because the July 26, 2005 order is not a prejudgment order, emphasizing that the order was entered after Zaklama failed to prosecute his previous appeal regarding the merits of his claims and the underlying order imposing the monetary sanction. We agree that the collateral order doctrine has no bearing here, but we disagree with the Appellees' conclusion. Indeed, we need not analyze whether the July 26, 2005 order is "collateral" precisely for one of the reasons the Appellees provide in their argument against finding

3

jurisdiction: the order appealed is not a prejudgment order, it is a *post*judgment order.

Summary judgment was entered against Zaklama concerning all of his claims against all of the defendants. The Appellees assert, without explanation, that the order appealed does not meet the finality requirements of 28 U.S.C. § 1291, and we reject this contention.

Zaklama appears to believe that the scope of the appeal includes the District Court's orders entered November 22, 2004, granting summary judgment in favor of the Township defendants and ordering a monetary sanction to be paid. As explained earlier, and as acknowledged by Zaklama in his reply brief, he already appealed the November 22, 2004 orders, but the appeal was dismissed for lack of prosecution.[1] The November 22, 2004 orders are not before us on appeal; any arguments relating to the propriety of those orders should have been raised in Zaklama's appeal in C.A. No. 04-4567.

We review the imposition of sanctions for an abuse of discretion, Rogal v. American Broadcasting Companies, Inc., 74 F.3d 40, 44 (3d Cir. 2001), but as stated above, the imposition of sanctions is not at issue here. Rather, the District Court's order enforcing its prior sanction order is the subject of this appeal. We thus limit our review to whether the District Court abused its discretion in enforcing its prior order. Upon review

---

[1] Despite Zaklama's contention that he "refiled" his notice of appeal in response to the July 26, 2005 order to challenge the District Court matter in its entirety, and despite his intimation that his first appeal in this matter was deemed "premature," the District Court's November 22, 2004 order constituted the "final" order in this case, and he failed to prosecute his appeal of that order and the underlying sanction order.

4

of the record, and without expressing an opinion as to the merits of the Zaklama's underlying claims, we discern no abuse of discretion. As noted by the District Court, Zaklama's appeal of the sanction order was dismissed, Zaklama did not seek to stay the enforcement of the order, and Zaklama did not oppose the motion to compel enforcement.

We note, however, that the District Court's prior order directed Esmat Zaklama alone to pay the sanction, while the July 25, 2005 enforcement order appears to be directed to the collective "Plaintiffs." We will thus affirm the District Court's order, as modified to enforce the sanction against Esmat Zaklama.